**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                              Case No.: 3:22-cr-65-MMH-PDB

REGINALD FILS-AIME

_____

**ORDER**

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 821 (Doc. 54; Motion). Defendant seeks to reduce his prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines, a retroactive guidelines amendment, see U.S.S.G. § 1B1.10(d) (2023); U.S.S.G. App. C. Amend. 825 (effective Nov. 1, 2023, making Amendment 821 retroactively applicable). See Motion at 1. The Court appointed the Federal Public Defender's Office to represent Defendant (Doc. 56; Order Appointing FPD), but the Federal Public Defender has notified the Court that Defendant appears to be ineligible because Defendant was sentenced below the minimum of the amended guidelines range (Doc. 58; FPD's Notice). The United States Probation Office has reached the same conclusion. (Doc. 55; Amendment 821 Memorandum).

The Court has reviewed the Presentence Investigation Report and the Amendment 821 Memorandum from the United States Probation Office. The record confirms that Defendant's current sentence is below the low end of his amended guidelines range as calculated after the application of Amendment 821. Where, as here, the defendant's sentence is already at or below the amended guidelines range, a court is not authorized to reduce the defendant's sentence under § 3582(c)(2). See U.S.S.G. § 1B1.10(b)(2)(A). A court may only reduce a defendant's sentence to one below the amended guidelines range where the defendant received a substantial assistance reduction, U.S.S.G. § 1B1.10(b)(2)(B). See United States v. Colon, 707 F. 3d 1255, 1258-62 (11th Cir. 2013) (noting that U.S.S.G. § 1B1.10(b)(2) prohibits the reduction of a defendant's sentence to a term less than the minimum of the amended guidelines range unless the defendant's original sentence was below the applicable guidelines ranges based upon defendant's substantial assistance to authorities). Here, the record does not reflect that Defendant qualified for a downward departure based upon substantial assistance. See U.S.S.G. §§ 1B1.10(b)(2)(B), 5K1.1. As such, the Court cannot reduce Defendant's sentence to a term less than the low end of the amended guidelines range.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Sentence Reduction Under Amendment 821 (Doc. 54) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of April, 2025.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant